HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS E. PEREZ, in his capacity as Secretary of the United States Department of Labor,

   Plaintiff,

   v.

LUKAS MACHINE, INC., et al.,

   Defendants.

CASE NO. C14-555RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on the Secretary's motion for a default judgment. For the reasons stated herein, the court GRANTS the motion (Dkt. # 42) and directs the clerk to enter a default judgment against Defendant Brenda Lukas-Jones and Defendant Lukas Machine, Inc. Defendants Massachusetts Mutual Life Insurance Company ("MassMutual"), the custodian of the last Defendant, the Lukas Machine, Inc. 401(k) Profit Sharing Plan and Trust (the "Plan"), shall remain as nominal Defendants subject to the instructions at the conclusion of this order.

## II.  BACKGROUND & ANALYSIS

In April of this year, the court entered both a temporary restraining order and preliminary injunction preventing MassMutual from permitting the disposition of

ORDER – 1

$60,000 of Ms. Lukas-Jones's assets in the Plan. MassMutual, the court notes, is a Defendant solely because it is the custodian of the Plan. It is accused of no wrongdoing.

Ms. Lukas-Jones, on the other hand, is alleged to have bilked the Plan out of just over $41,000 by diverting for her own purposes portions of Lukas Machine's employees' salaries that were intended as either contributions to the Plan or repayments of employees' loans against their Plan assets. The Plan is subject to the Employment Retirement Income Security Act of 1974 ("ERISA"). Ms. Lukas-Jones was a Plan fiduciary at the time she diverted payments that belonged to the Plan.

Ms. Lukas-Jones (and her apparently defunct company) have not participated in this action. As the court noted in its order imposing a preliminary injunction, her sole communication with this court has been two voice messages she left with court staff in April. She has not answered the Secretary's complaint, she has not moved to dissolve or modify the preliminary injunction, and she has not formally responded to the Secretary's motions for default judgment. The Secretary has informed the court that Ms. Lukas-Jones recently purported to forward to the Secretary a cashier's check from 2011 for about $31,000 payable to the former custodian of the Plan. The Secretary responded to that communication by informing Ms. Lukas-Jones that the check was made out to the wrong payee, and that it was insufficient to cover her improperly diverted contributions to the Plan and other damages. So far as the record reveals, Ms. Lukas-Jones has not responded to the Secretary's instruction that she, at a minimum, issue a new check to MassMutual.

The court entered the default of Lukas Machine and Ms. Lukas-Jones on May 27.

The Secretary now asks for a default judgment. In particular, he asks for a monetary judgment against Ms. Lukas-Jones and Lukas Machine that includes just over $41,000 in unpaid contributions from April 2008 through October 2011, and interest (assessed at the rate for delinquent tax contributions from 26 U.S.C. § 6621) of just under

ORDER – 2

$5,000 through May 30 of this year.[1] He asks that the court offset that judgment from Ms. Lukas-Jones's personal balance in the Plan. He asks the court to appoint an independent fiduciary to terminate the Plan and properly distribute those assets. The Secretary has found a qualified fiduciary who will charge $3,000 to terminate the Plan. The Secretary asks the court to use Ms. Lukas-Jones's Plan balance to pay the fiduciary's fees. Finally, the Secretary asks the court to permanently enjoin Ms. Lukas-Jones from acting as a fiduciary or in any other capacity for an ERISA plan.[2]

The court's role in reviewing a motion for default judgment is not ministerial. It must accept all well-pleaded allegations of the complaint as fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

After review of the allegations of the complaint as well as the evidence the Secretary submitted in conjunction with his motion for default judgment, the court finds that the Secretary is entitled to a default judgment in the amount prayed for.

---

[1] At various times, the Secretary has characterized this sum as either the Plan's "lost-opportunity costs" or prejudgment interest. The court chooses the latter characterization, and applies the interest rate set forth in 26 U.S.C. § 6621 as a reasonable means of calculating the damage to the Plan resulting from being unable to invest for Plan participants the money that Ms. Lukas-Jones diverted.

[2] The Secretary also asks for an injunction prohibiting Defendants from violating ERISA. The court declines to impose an injunction that is merely a restatement of existing law.

ORDER – 3

### III.  CONCLUSION

For the reasons stated above, the court orders as follows:

1) The court GRANTS the Secretary's motion for default judgment. Dkt. # 42.

2) The clerk shall enter judgment for the Secretary and against Ms. Lukas-Jones and Lukas Machine, jointly and severally, for $49,247.23, consisting of Defendants' improperly diverted contributions to the Plan, prejudgment interest, and $3,000 to compensate the fiduciary who will terminate the Plan. Interest at the rate set in 26 U.S.C. § 6621(a)(2) shall accrue on these amounts commencing as of May 31, 2014.

3) The judgment shall include a permanent injunction prohibiting Ms. Lukas-Jones from serving as an ERISA fiduciary or in any other capacity for an ERISA plan.

4) The court leaves in place its April 29 preliminary injunction directing Mass Mutual to restrain $60,000 of Ms. Lukas-Jones' Plan assets. The Secretary and the fiduciary shall arrange to pay the judgment from that balance, and shall withhold the remainder from distribution until the Plan is terminated, to ensure that there are funds to compensate the fiduciary for any unforeseen expenses.

5) The court authorizes Thomas A. Dillon, Esq., to serve as a fiduciary for purposes of terminating the Plan:

   a. The fiduciary is responsible for collecting, marshalling, paying out, and administering all of the Plan's assets and taking further action with respect to the Plan as appropriate, establishing a trust account to receive those funds, and terminating the Plan when all of its assets are distributed to all eligible participants and beneficiaries.

   b. Pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, the fiduciary shall exercise reasonable care and diligence to identify and locate each Plan

ORDER – 4

       participant and beneficiary who is eligible to receive a distribution under the terms of the Plan to the extent the Plan has distributable assets

  c. The fiduciary shall have all the rights, duties, discretion, and responsibilities of a trustee, fiduciary and Plan Administrator under ERISA, including filing a final Form 5500.

  d. The fiduciary shall have the authority to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain assistance as he or she may require, including attorneys, accountants, actuaries, and other service providers.

  e. The fiduciary shall have full access to all data, information, and calculations in the Plan's possession and under its control, including information and records maintained by the Plan's custodial trustee or service provider.

  f. The fiduciary shall have authority to give instructions respecting the disposition of assets of the Plan, and he shall comply with all applicable rules and laws.

  g. The fiduciary is entitled to $3,000.00 in reasonable fees and costs which shall be paid by offsetting Defendant Lukas-Jones' Plan assets.

6) The Secretary is responsible for notifying the court when the fiduciary has completed termination of the Plan. At that time, the court will dismiss the Plan and MassMutual as Defendants, and will terminate this action.

Dated this 29th day of July, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5